United States District Court
Southern District of Texas
FILED

NOV 0 6 2002

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

| | |
|---|---|
| MAQUILAPLEX, LLC and TEXION S. DE R.L. DE C.V., ) | Civil Action No. __ **B-02-212** |
| ) | |
| Plaintiffs, ) | |
| ) | **NOTICE OF REMOVAL** |
| vs. ) | |
| ) | |
| INTERNATIONAL MARKETING RESOURCES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLEASE TAKE NOTICE** that Defendant International Marketing Resources, Inc.

("IMR") hereby removes the State Court Action described below to this Court pursuant to 28

U.S.C. §§ 1332 and 1441, *et seq.* In support of that removal, IMR, by and through its counsel,

states as follows:

      1.     On August 15, 2002, Maquilaplex, LLC and Texion S. de R.L. de C.V.

commenced an action captioned *Maquilaplex LLC and Texion S. de R.L. de C.V. v. International*

*Marketing Resources, Inc.*, in the District Court of Cameron County Texas, 107th Judicial

District, Cause No. 2002-08-3284 (hereinafter the "State Court Action"). A copy of the State

Court Action petition is attached hereto as Exhibit A. To the best of IMR's knowledge, no other

pleadings or proceedings have occurred in the State Court Action.

      2.     As of the date of the filing of this notice, IMR has not been personally served with

the State Court Action petition or citation. On October 7, 2002, IMR learned of the State Court

Action when a copy of the petition was attached to an affidavit submitted by Maquilaplex's counsel in a separate lawsuit that IMR had commenced against Maquilaplex in Minnesota. Accordingly, this Notice of Removal is filed within thirty (30) days of IMR's receipt, through service or otherwise, of a copy of the complaint and within one year of the initial filing of the state court action.

3.      This Court has original subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332, in that the State Court Action is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.      According to the State Court Action petition, Maquilaplex is a citizen and resident of Texas. (Ex. A at 1.)

5.      According to the State Court Action petition, Texion is a citizen and resident of the country of Mexico.  (Id.)

6.      International Marketing Resources Center, Inc. is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

7.      The jurisdictional amount requirement is satisfied because the matter in controversy exceeds $75,000, exclusive of interest and costs:

        a.      Although IMR denies that Maquilaplex/Texion have suffered any damages or are entitled to any relief, in the State Court Action petition, Maquilaplex/Texion claim to have suffered "economic damages" in the form of (1) start up costs; (2) indemnification (severance) pay to their terminated employees; (3) raw material purchased on behalf of IMR; (4) cost of dissembling IMR's equipment; and (5) unpaid invoices. (Ex. A at 11.)

b.      The State Court Action Petition does not specify the exact amount of the "economic damages" Maquilaplex/Texion allege to have sustained.  However, the petition states that the damages alleged as a result of "unpaid invoices" alone amount to $51,704.22.  (Ex. A at 8 and 9.)  In addition to that amount, Maquilaplex/Texion claim to have suffered economic damages consisting of their start up costs; severance pay to their terminated employees; raw material purchased on behalf of IMR; and the costs of dissembling IMR's equipment.  (Ex. A at 11.)  Given that Maquilaplex/Texion's petition alleges that the manufacturing/sales contract they had with Maquilaplex required Texion to devote a substantial portion of its production facility and workforce to the production of multiple thousands of pieces of product and that it guaranteed the employment of Texion's workforce for a year (Ex. A at 5-6, and 9 and purchase orders and invoices attached thereto), it is apparent from the face of the petition that the total amount of economic damages claimed by Maquilaplex/Texion exceeds the jurisdictional minimum.

c.      In addition to the above economic damages, Maquilaplex/Texion are seeking attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.01, *et seq.*  The amount of those fees must also be included in determining whether the amount in controversy in this action exceeds the $75,000 jurisdictional minimum.  *See Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy"); *Foret v. State Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

d.      In addition to the above amounts, Maquilaplex/Texion are seeking exemplary damages in an unspecified amount.  (Ex. A at 12.)

3

In short, it is apparent from the face of the petition that the amount in controversy is likely to exceed $75,000, exclusive of interest and costs.

8.      Contemporaneous with the filing of this Notice of Removal, Defendant is serving written notice of the filing of this Removal on Plaintiff. A copy of the same has been filed with the Clerk of Court for the District Court of Cameron County, Texas.

**WHEREFORE,** Defendant International Marketing Resources, Inc. prays that the State Court Action be removed to and proceed in this Court.

Date: November 6, 2002

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

By: _Alison D. Kennamer_
Alison D. Kennamer
Attorney-in-Charge
State Bar No. 11280400
Southern District Admissions No. 12023
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

OF COUNSEL:
Steven D. Kelley
Minn. Bar No. 229726
Christopher L. Lynch
Minn. Bar No. 284154
LINDQUEST & VENNUM, PLLP
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2205
(612) 371-3211
Fax (612) 371-3207

**ATTORNEYS FOR DEFENDANT, INTERNATIONAL MARKETING RESOURCES, INC.**

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Samuel S. Griffin III
> W. Michael Taylor
> Griffin & Matthews
> 1155 Dairy Ashford, Suite 300
> Houston, Texas 77079
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure, on this the 6th day of November, 2002.

Alison D. Kennamer

Doc# 170024 1\1

RUN DATE 11/05/02
RUN TIME 10:29 AM

MAQILAPLEX LLC TEXION S. DE R.L. DE C.V.

VS

INTERNATIONAL MARKETING RESOURCES, INC.

\* \* \* C L E R K ' S E N T R I E S \* \* \*

00631201
W. MICHAEL TAYLOR
1155 DAIRY ASHFORD, SUITE 300
HOUSTON, TEXAS 77079 0000

(06)

BREACH OF CONTR.

08/15/02 ORIGINAL PETIT:
10/30/02 CITATION SEC. (
CITATION SEC. (
INTERNATIONAL I
10/30/02 INTERNATIONAL I
SERVED:

FILED _____ O'CLOCK _____
AURORA DE LA GARZA DIST. CLERK

**AUG 1 5 2002**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ DEPUTY

CAUSE NO. 2002-08-3284

| | | |
|---|---|---|
| MAQUILAPLEX LLC | § | IN THE DISTRICT COURT OF |
| TEXION S. DE R.L. DE C.V. | § | |
| | § | |
| | § | CAMERON COUNTY, TEXAS |
| V. | § | |
| | § | |
| INTERNATIONAL MARKETING | § | |
| RESOURCES, INC. | § | 107th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiffs, MAQUILAPLEX LLC and TEXION S. de R.L. de C.V., complain of INTERNATIONAL MARKETING RESOURCES CORPORATION, and for cause of action shows:

### I.

### DISCOVERY PLAN

The discovery in this case shall be conducted under Discovery Control Plan Level Two (2).

### II.

### PARTIES, JURISDICTION AND VENUE

PLAINTIFF, MAQUILAPLEX LLC, ("MAQUILAPLEX") is a mercantile corporation duly organized and is licensed to conduct business in the State of Texas. MAQUILAPLEX principally operates as the United States sales company for TEXION.

PLAINTIFF, TEXION S. de R.L. de C.V. ("TEXION") is a mercantile corporation duly formed and existing under the laws of the country of Mexico, and

maintains an office in Cameron County, Texas.  TEXION operates as a Mexican contract sewing manufacturing company

Defendant, INTERNATIONAL MARKETING RESOURCES, INC ("IMR"), is a foreign company organized under the laws of the state of Minnesota.  IMR operates as an international manufacturer and marketer of manufactured goods.  IMR, at all times material to this action, has engaged in business in Texas, as more particularly described below.  IMR maintains a place of regular business in Texas, but has failed to designate an agent within Texas on whom service of citation may be made in this cause.  The causes of action asserted arose from and/or are connected with purposeful acts committed by the IMR in Texas, including but not limited to entering into contractual agreements performable in whole or in part within Texas, as more particularly described below.  IMR's breach of these contractual agreements is the basis of Plaintiffs' causes of action.

IMR, who at all times material to this action, has done business in Texas.  Jurisdiction over IMR is proper under TEX. CIV. PRAC. & REM. CODE §17.042, in that, as described more particularly below, IMR in addition to doing other acts that constitute "doing business", has (1) entered into a contract, orally or otherwise, with a "resident" of Texas, to be performed in whole or in part in Texas; and (2) committed a tort in whole or in part in Texas. IMR in addition to engaging in business in Texas, maintains a place of regular business or residence in Texas, but has failed to designate a person or entity on which service of process could be effected.  Therefore, IMR has constructively designated the Secretary of State for the State of Texas as its agent for service of process.



Accordingly, IMR may be cited by serving the Secretary of State for the State of Texas provided that the citation and petition are forwarded by registered mail, return receipt requested, to IMR's President, Mr. Larry Mahoney, 434 Lakeside Ave. Minneapolis, Minnesota 55405

Plaintiffs and IMR entered into a contract which was to be performed, in whole or in part, in Cameron County, Texas. Plaintiffs' claims and causes of action relate to or arise out of IMR breach of that contract in Cameron County, Texas.

In addition to the above and foregoing, this court has jurisdiction of this lawsuit pursuant to TEX. GOV. CODE § 24.007.

Venue of this cause of action is proper in Brownsville, Cameron County, Texas as all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County, Texas.

## III.

## FACTUAL BACKGROUND

The principals of Plaintiffs and IMR have done business together for over 8 years. The business relation has been mutually beneficial and had developed into an excellent working relationship. Because of the nature and length of this relationship, it was not unusual to make verbal agreements or to modify existing written agreements.

For the past eight years, IMR has contracted with companies providing similar services to Plaintiffs. IMR has also operated its own manufacturing company for approximately five years.

In the middle of 2001, IMR secured a new customer that required dedicated manufacturing space and employees greater than its own capacity. IMR knew that Plaintiffs had recently opened a manufacturing plant in Mexico, had available manufacturing space, and inquired into the possibility of subleasing space. As Plaintiffs' principal business is contract sewing, it did not have additional space viable for lease. Plaintiffs declined the offer to lease its space, but did offer its production services. IMR represented that it had ongoing business that would continue for no less than one year, that its customer was financial sound and had been in business for approximately 80 years. IMR further represented that it provided a turnkey package to its client and that it was in a financial position to support such a package because it had provided similar packages to its customers in the past. IMR also represented that it possessed or would possess the equipment, materials and technical know how to produce the products. Plaintiffs relied upon these representations.

IMR has executed similar offshore contract manufacturing agreements with other company's manufacturing in Mexico with similar services and terms with specific terms related to payment of invoices and indemnification.

In 2001, Plaintiffs and IMR entered into a business relationship. Plaintiffs agreed to sew and package certain products. At Plaintiffs' request, IMR agreed to provide the raw materials, equipment, transportation, inventory, importation and exportation of the products, a Mexican and United States customs broker, coordination of raw material and finished goods, and the initial and ongoing technical training and support for the production lines. Plaintiffs further requested, and IMR agreed, that employees hired for

4



the IMR production lines would be employed for no less than one year. Because of the cost of terminating employees, IMR requested and Plaintiffs agreed that it might require shifting employees between its various production lines, so long as the employees would be employed for a minimum of one year.

The original arrangement was made orally between the two Presidents of the respective companies. This agreement was structured principally as previous arrangements had been made while performing offshore contract sewing at another contract sewing operation. Approximately four weeks after finished product was produced, IMR presented purchase orders to Plaintiffs. IMR represented that the purchase order was for accounting purposes and to formally acknowledge the unit price. IMR agreed to pay Plaintiffs for their services in an amount which was dependent on the specific product that was sewn and packaged.

The production volumes increased through 2001 and into the first quarter of 2002 and Plaintiffs' commitment to IMR became very large. This increased business required Plaintiffs to dedicate additional operators to manufacture IMR's goods. From the inception, the parties negotiated a verbal agreement that would govern the relationship between the parties. As part of the contract, Plaintiffs required IMR to (1) keep a requested employee for a minimum of one year, (2) pay invoices on the terms outlined in the contract, and to reimburse Plaintiffs for severance payments to the operators mandated under Mexican law if the operators were laid off as a result of IMR's termination of the contract. The contract and certain clauses to the contract were



discussed back and forth, but a final agreement was never signed. IMR never disputed its obligation to reimburse Plaintiffs for the severance payment.

In the year 2001, IMR's orders from Plaintiffs increased requiring Plaintiffs to expand their operation to produce a greater volume and a wider variety of products. At the request of IMR, additional operators were dedicated to the IMR product lines. A customer of IMR informed it in November 2001, that it would not be need any further product and that IMR was to hold existing inventories until further notice. IMR notified Plaintiffs that (1) there was a downturn in business due to lack of orders, (2) they had lost a client, (3) there would be no further orders anticipated, and (4) they were suspending payments until further notice, but Plaintiffs were to continue production and meet production schedules.

In early 2002, IMR informed Plaintiffs that it would not have sufficient production to maintain the lines. By April 2002, the operation was terminated despite IMR's earlier request to maintain production based on the reasons previously provided by IMR. As a result of IMR's termination, Plaintiffs were required to terminate the operators dedicated to IMR's product lines and pay the remaining wages and severance as mandated by Mexican law. Mexican union officials notified Plaintiffs that the product and equipment could not be removed from the manufacturing plant until the remaining wages and severance were paid. Plaintiffs notified IMR. IMR refused to pay severance associated with its production lines, but represented that it would pay the outstanding invoices if Plaintiffs secured the release of their material and equipment. The employees were paid based upon IMR's representations and the equipment and materials were released. The

materials and equipment were returned to IMR. However, IMR did not pay as represented.

As with previous requests, the product was sewn and packaged to IMR specification and was approved for shipment by an authorized on-site IMR representative. IMR was invoiced at the cost reflected on its purchase orders, and the quantities invoiced were for the quantity of finished product available for IMR to pick-up. True and correct copies of the above referenced purchase orders are attached as Exhibit A and outstanding invoices are attached as Exhibit B and incorporated by reference as if fully restated herein.

Although the requested products were received and accepted by IMR, it has failed and continues to fail to pay the entire agreed upon purchase price. IMR tendered partial sums, toward the open accounts receivable balance.

Plaintiffs made numerous demands and most recently made a formal demand by certified mail on May 20, 2002 for immediate demand for payment of the remainder of IMR's obligation.

## IV.

### CAUSES OF ACTION

**A.    Sworn Account**

Plaintiffs bring this suit on a sworn account pursuant to Rule 185 of the Texas Rules of Civil Procedure. As set forth above, Plaintiffs provided IMR with the requested products on open account. The invoices attached as Exhibit B, are a transaction or series of transactions systematically kept by Plaintiffs in the ordinary course of its business.



IMR, accepted and derived a benefit from Plaintiffs' provision of the requested products, thereby promising and becoming bound and obligated to pay Plaintiffs its designated charges, which were agreed to and reflect reasonable and customary charges for the provision of such goods.

IMR was required to make full payment for the requested products within the terms of the invoices. As set forth in more detail above, although IMR accepted the requested products, IMR has failed and refused, and continues to refuse to pay the full amount due on the account. There is, after all just and lawful offsets, payments and credits have been allowed on IMR' account, an outstanding balance of Fifty One Thousand Seven Hundred four Dollars and 22/100, ($51,704.22) for product received.

## B.    Quantum Meruit

In the alternative, and without waiving the above and foregoing, Plaintiffs would further show unto the Court that upon the instance and request of IMR, Plaintiffs furnished certain valuable goods and services to IMR, that the goods and services were provided at the request and for the benefit of IMR, that IMR received and accepted the benefit of these goods and services with sufficient and reasonable notification that payment was expected, and that IMR has nevertheless failed and refused to pay the full amount owed for such goods.

Accordingly, an action in quantum meruit and quantum valebant lies against IMR, for the unpaid portion of the reasonable value of the requested products sold to IMR. The unpaid portion of the reasonable value of said products is Fifty One Thousand Seven Hundred four Dollars and 22/100, ($51,704.22) for products received.



## C.    Breach of Contract

In the alternative, but without waiving the above and foregoing, Plaintiffs states that IMR's verbal request for product, and Plaintiffs' agreement to provide the requested products at the quoted price, subject to the stated terms, constitutes a contract between Plaintiffs and IMR.

The actions and conduct of both Plaintiffs and IMR unquestionably show acts and conduct which indicate to the common understanding and in the ordinary course of dealing of the parties, a mutual assent to contract. Plaintiffs would not have provided the requested products had there not been an agreement between the parties as to the consideration to be paid for the products. The IMR partial payment to Plaintiffs on account evidences their knowledge of the agreed upon purchase price and their knowledge of and intent to be bound by the terms of the agreement. By failing to fully compensate Plaintiffs for the full amount of the requested products, IMR has openly and obviously breached the contractual relationship. As a result of said breach, IMR continues to owe Plaintiffs the sum of Fifty One Thousand Seven Hundred four Dollars and 22/100, ($51,704.22) for product received.

It is customary and ordinary for a customer to reimburse the Mexican manufacturing company for indemnification (severance) payments made to its workers who are terminated from dedicated production lines prior to the agreed length of the contract. At the termination of production, it is also customary and ordinary for the offshore manufacturing company to return the requesting companies material and equipment once final payment has been received. In reliance upon these representations

9



and assurances made by IMR that Plaintiffs would be paid, Plaintiffs released IMR's materials and equipment. However, IMR did not pay the Plaintiffs outstanding invoices or the indemnification payments.

Pursuant to the terms and conditions of its contract, IMR was obligated to pay invoices on a timely basis and to reimburse Plaintiffs for any severance payments made to their operators as a result of IMR's termination of the agreement. IMR has failed to perform its obligations and, thus, has breached the contract. Accordingly, IMR is liable to Plaintiffs for the damages arising out of IMR's breach of the contract. Plaintiffs have made demand upon IMR for payment of the damages caused by IMR's breach. However, IMR has failed and refused and continues to refuse to reimburse Plaintiffs for the breach of the contract.

**D.    Fraud**

IMR made material and false representations that it had customers that would provide ongoing business and would continue for no less than one year. IMR made material and false representations that its customers were financially sound. IMR made material and false representations that it provided a turn key package to its client and that it was in a financial position to support such a package as it had provided similar packages to its customers in the past. IMR made material and false representations that it would provide the necessary equipment, materials and technical expertise to produce the products. IMR made material and false representations of their intentions to pay outstanding invoices to Plaintiffs.

 

IMR knew, at the time they suggested this arrangement as well as when they entered into the contract, that they did not intend to comply with its terms. IMR made these material misrepresentations with the knowledge that Plaintiffs would rely on the material misrepresentations. Plaintiffs did rely on the falsities promulgated by IMR and has been damaged by them.

V.

CONDITIONS PRECEDENT

Plaintiffs have fully and in all respects performed all obligations owed to the IMR in connection with the provision of the requested products. To the extent that conditions precedent may exist, MAQUILAPLEX has complied with all such conditions precedent.

VI.

DAMAGES

As a direct result of the wrongful actions of IMR, Plaintiffs have suffered damages resulting from, but not limited to: (1) start up costs (2) indemnification (severance) pay to the terminated employees, (3) raw materials purchased on behalf of IMR, (4) cost of dissembling IMR's equipment and (5) unpaid invoices. These damages are equal to an amount within the jurisdictional limits of this Court

VII.

ATTORNEY'S FEES & INTEREST

As a result of the above and foregoing, Plaintiffs have employed the firm of Griffin & Matthews to prosecute this suit. Pursuant to the terms of TEX. CIV. PRAC. & REM. CODE §38.001 et seq, demand for payment was made more than thirty (30) days

11

 

prior to the filing of this Petition. Therefore, Plaintiffs are entitled to recover reasonable and necessary attorneys' fees from IMR.

## VIII.

## PRAYER

WHEREFORE, Plaintiffs request that IMR be cited to appear and answer, and that on final trial, Plaintiffs recover the following:

1.    Judgment for economic damages in the amount within the jurisdictional limits of this Court;

2.    Prejudgment interest as allowed by law;

3.    Reasonable and necessary attorney's fees;

4.    Post judgment interest as allowed by law;

5.    Costs of suit; and

6.    Such other and further relief to which Plaintiffs may be justly entitled.

7.    Exemplary damages in an amount to be determined by the trier of fact;



Respectfully submitted,

GRIFFIN & MATTHEWS

By: _____

    SAMUEL S. GRIFFIN, III
    State Bar No. 08473800
    W. MICHAEL TAYLOR
    State Bar. No 00789675
    1155 Dairy Ashford, Suite 300
    Houston, Texas 77079
    (281) 870-1124
    (281) 870-1647 (facsimile)
ATTORNEYS      FOR      PLAINTIFFS,
MAQUILAPLEX LLC and TEXION S.
de R.L. de C.V

Dated: August  _15_ , 2002.

X

# IMR, INC.

**International Marketing Resources**

434 Lakeside Avenue
Minneapolis, MN 55405
Phone: 612-872-0025
FAX:   612-872-0799

PURCHASE ORDER NO.    **13107**

VENDOR CODE    **TEXION**

** ALL PIECES AND ACCOMPANYING PAPERWORK.
MUST SHOW P.O. AND TIME NUMBER.

SUPPLY LASTEST MATERIAL SAFETY DATA INFORMATION

TO:

TEXION
600 ELCA LANE
SUITE A
BROWNSVILLE TX   78520

SHIP-TO:

CALL FOR ROUTING INSTRUCTION
AND COMPLETE SHIP TO ADDRESS
612-217-0624 Jerry Lanahan

| P.O. DATE | SHIP VIA | F.O.B. | TERMS |
|---|---|---|---|
| 9/18/01 | | | Net 45 |

| BUYER | FREIGHT | REQ. DATE | CONFIRMING TO | REMARKS | TAX |
|---|---|---|---|---|---|
| JERRY | | 9/18/01 | 956-542-4138 | Fax: | |

| QTY. REQ. | ITEM NO. | DESCRIPTION | UNIT COST | EXTENDED COST |
|---|---|---|---|---|
| | | attn;  Jim Griffin | | |
| | 100-6365 | TORO LAWN BOY | | |
| | | SCHEDULE TO SHIP | | |
| | | 11/21/01 = 8,000 | | |
| | | 1/4/02 = 9,000 | | |
| | | 2/1/02 = 9,000 | | |
| | | | | |
| | 44-0522S | TORO GRASS BAG REAR | | |
| | | EMPTY | | |
| | | 11/21/01 = 10,000 | | |
| | | 1/4/02 = 8,000 | | |
| | | 2/1/02 = 8,000 | | |
| | | | | |
| | U8601 | GREAT STATES LAWN BAG | | |
| | | 20,100 ARE INDIVIDUAL BAGS & PUT | | |
| | | IN SINGLE BOXES | | |
| | | 3,168 UNITS ARE TO BE PUT IN A | | |
| | | SIX PACK BOX | | |
| | | 12/28/01 = 6,300 | | |
| | | 12/28/01 = 240 SIX PACKS | | |
| | | 2/15/02 = 7,800 INDIVIDUAL BAGS | | |
| | | 4/5/02 = 6,000 INDIVIDUAL BAGS | | |
| | | 4/5/02 = 288 SIX PACKS | | |

ACCEPTANCE: This Purchase Order ("Order") can be accepted by signing the attached acceptance copy confirming requested delivery dates and returning it to Buyer, making delivery in accordance with the requested delivery dates, informing Buyer of any manner of commencement of performance of this Order, or returning Seller's own form of acknowledgement; provided, however, that until one of the foregoing actions is taken, Buyer can withdraw this Order at any time. ACCEPTANCE OF THIS ORDER IS EXPRESSLY LIMITED TO AND SUBJECT TO THE TERMS AND CONDITIONS SHOWN ON THE FACE AND ON THE REVERSE SIDE HEREOF.

Seller hereby accepts this Order according to the terms and conditions shown on the face and on the reverse side hereof.

SELLER: _____

BY _____
            (Please sign)

**TAX EXEMPT**
TANGIBLE PROPERTY FOR RESALE
MINNESOTA SALES & USE TAX
ACCOUNT NO.

IMR, INC.("Buyer") HEREBY ORDERS THE
GOODS AND/OR SERVICES SPECIFIED
HEREIN ACCORDING TO THE TERMS AND
CONDITIONS SHOWN ON THE FACE AND ON
THE REVERSE SIDE HEREOF.

IMR, INC.

BY

PLEASE SHIP THE FOLLOWING MERCHANDISE SUBJECT TO CONDITIONS BELOW:
Invoice each separate shipment in duplicate and show p.o. # on all shipments, including all separate pkgs. For prompt payment mail invoice showing order number with bill of lading after shipment is made. Acknowledge and advise promptly if unable to make immediate shipment. No charges allowed for boxing, crating or packing. Goods subject to our inspection, notwithstanding prior payment, to obtain cash discount. Goods rejected on account of inferior quality will be returned with charges for merchandise both

# IMR, INC.

International Marketing Resources
434 Lakeside Avenue
Minneapolis, MN 55405
Phone: 612-872-0025
FAX:   612-872-0799

PURCHASE ORDER NO.    13107

VENDOR CODE    **TEXION**

** ALL PIECES AND ACCOMPANYING PAPERWORK
MUST SHOW P.O. AND TIME NUMBER.

SUPPLY LASTEST MATERIAL SAFETY DATA INFORMATION

TO:

TEXION
600 ELCA LANE
SUITE A
BROWNSVILLE TX  78520

SHIP TO:

CALL FOR ROUTING INSTRUCTION
AND COMPLETE SHIP TO ADDRESS
612-217-0624 Jerry Lanahan

| P.O. DATE | SHIP VIA | F.O.B. | TERMS |
|---|---|---|---|
| 9/18/01 | | | Net 45 |

| BUYER | FREIGHT | REQ. DATE | CONFIRMING TO | REMARKS | TAX |
|---|---|---|---|---|---|
| JERRY | | 9/18/01 | 956-542-4138 | Fax: | |

| QTY. REQ. | ITEM NO. | DESCRIPTION | UNIT COST | EXTENDED COST |
|---|---|---|---|---|
| | | includes, cut & sew, as well as inspection and packaging, | | |
| 26,000.00 | 188-6365 | TORO LAWN BOY Deliver on:          7/25/01 | 1.33 EA | $34,580.00 |
| 26,000.00 | 44-85225 | TORO GRAS BAG REAR EMPTY Deliver on:          9/18/01 | 0.93 EA | $24,180.00 |
| 23,268.00 | U869 | GREAT STATES REEL CATCHER Deliver on:          9/18/01 | 0.93 EA | $21,639.24 |
| | | | | $80,399.24 |

ACCEPTANCE: This Purchase Order ("Order") can be accepted by signing the attached acceptance copy confirming requested delivery dates and returning it to Buyer, making delivery in accordance with the requested delivery dates, informing Buyer of any manner of commencement or performance of this Order, or returning Seller's own form of acknowledgement; provided, however, that until one of the foregoing actions is taken, Buyer can withdraw this Order at any time. ACCEPTANCE OF THIS ORDER IS EXPRESSLY LIMITED TO AND SUBJECT TO THE TERMS AND CONDITIONS SHOWN ON THE FACE AND ON THE REVERSE SIDE HEREOF.
Seller hereby accepts this Order according to the terms and conditions shown on the face and on the reverse side hereof.

SELLER:  _____
BY  _____
          (Name and Title)

PLEASE SHIP THE FOLLOWING MERCHANDISE SUBJECT TO CONDITIONS BELOW:
Invoice each separate shipment in duplicate and show p.o. # on all shipments, including all separate pkgs. For prompt payment mail invoice showing order number with bill of lading after shipment is made. Acknowledge and advise promptly if unable to make immediate shipment. No charges allowed for boxing, crating or packing. Goods subject to our inspection, notwithstanding prior payment to obtain cash discount. Goods rejected on account of inferior quality will be returned with charge for transportation both ways and are not to be replaced except upon receipt of...

**TAX EXEMPT**
TANGIBLE PROPERTY FOR RESALE
MINNESOTA SALES & USE TAX
ACCOUNT NO.

IMR, INC.("Buyer") HEREBY ORDERS THE
GOODS AND/OR SERVICES SPECIFIED
HEREIN ACCORDING TO THE TERMS AND
CONDITIONS SHOWN ON THE FACE AND ON
THE REVERSE SIDE HEREOF.

IMR, INC.

BY

FROM : TEXTON S DE AL DE CV        FAX NO. : 8 612-0711                    P. 01

DEC-05-01 WED 16:04

**IMR, INC.**

International Marketing Resources
4__ Lakeside Avenue
Minneapolis, MN 55405
Phone 612-672-0__6
FAX  612-672-07__

PURCHASE ORDER NO        13152

VENDOR CODE              MAX

* ALL PIECES AND ACCOMPANYING PAPERWORK
  MUST SHOW P.O. AND LINE NUMBER.

SUPPLY LATEST MATERIAL SAFETY DATA INFORMATION

TO:

MAQUILADLEY, LLC
___ ELCA LANE
SUITE A
BROWNSVILLE TX  78520

SHIP TO:

CALL FOR ROUTING INSTRUCTION
AND COMPLETE SHIP TO ADDRESS
512-217-0628 Jerry Lanahan

| P.O. DATE | SHIP VIA | F.O.B. | TERMS |
|---|---|---|---|
| 12/4/01 TO ADVISE | TO ADVISE | Net 45 | |

| BUYER | FREIGHT | REQ DATE | CONFIRMING TO | REMARKS | TAX |
|---|---|---|---|---|---|
| JERRY | | 12/4/01 | 88-10-15-45 | Fax: | |

| QUANTITY | ITEM NO | DESCRIPTION | UNIT COST | EXTENDED COST |
|---|---|---|---|---|
| | | LABOR TO INCLUDE: CUTTING SEWING INSPECTION & PACKAGING | | |
| 30,000.00 | | Deliver on: 12/4/21 | 0.45 EA | $13,500.00 |
| | | Used by 01160/3 Op# 20 | | |
| | | | | $13,500.00 |

ACCEPTANCE...

**TAX EXEMPT**
TANGIBLE PROPERTY FOR RESALE
MINNESOTA SALES & USE TAX
ACCOUNT NO.

IMR INC. ("Buyer") HEREBY ORDERS THE
GOODS AND/OR SERVICES SPECIFIED
HEREIN ACCORDING TO THE TERMS AND
CONDITIONS SHOWN ON THE FACE AND ON
THE REVERSE SIDE HEREOF.

IMR INC.

  Page: 1

MAQUILAPLEX, LLC
Aged Receivables
As of Jun 20, 2002
Filter Criteria includes: 1) IDs from IMR to IMR. Report order is by ID. Report is printed in Detail Format.

| Customer ID<br>Customer<br>Contact<br>Telephone 1 | Invoice No | 0-30 | 31-60 | 61-90 | Over 90 days | Amount Due | Date |
|---|---|---|---|---|---|---|---|
| IMR | 182 | | | | 1,848.82 | 1,848.82 | 1/11/02 |
| IMR, INC. | 184 | | | | 7,511.98 | 7,511.98 | 1/15/02 |
| LARRY MAHONEY | 186 | | | | 4,555.00 | 4,555.00 | 1/22/02 |
| 612-672-0025-623 | 187 | | | | 8,585.05 | 8,585.05 | 1/30/02 |
| | 190 | | | | 4,159.65 | 4,159.65 | 2/6/02 |
| | 191 | | | | 4,890.40 | 4,890.40 | 2/11/02 |
| | 192 | | | | 7,888.06 | 7,888.06 | 2/21/02 |
| | 193 | | | | 5,658.54 | 5,658.54 | 2/28/02 |
| | 194 | | | | 2,976.00 | 2,976.00 | 3/8/02 |
| | 197-1 | | | 3,630.72 | | 3,630.72 | 3/28/02 |
| IMR<br>IMR, INC. | | | | 3,630.72 | 48,073.50 | 51,704.22 | |
| Report Total | | | | 3,630.72 | 48,073.50 | 51,704.22 | |

**MAQUILAPLEX, LLC**
600 Elca Lane Suite A
Brownsville, TX  78521

Voice: 956 542-4426
Fax:  956 544-2139

# Invoice

Invoice Number:
182

Invoice Date:
Jan 11, 2002

Page:
1

Sold To:
IMR, INC.
434 Lakeside Ave.
Minneapolis, MN  55405

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| IMR | | Net 7 Days | |
| Sales Rep | | Ship Date | Due Date |
| | | | 1/18/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 2,230.00 | IMR2000 | Lawnboy | 1.330 | 2,965.90 |
| 1,270.00 | IMR3000 | Toro | 0.930 | 1,181.10 |
| 2,143.00 | IMR4000 | Great States | 0.930 | 1,992.99 |
| 520.00 | IMR5000 | M.T.D. | 0.473 | 245.96 |

| | | |
|---|---|---|
| Subtotal | | 6,385.95 |
| Sales Tax | | |
| Total Invoice Amount | | 6,385.95 |
| Payment Received | | |
| Check No: | **TOTAL** | **$6,385.95** |

**MAQUILAPLEX, LLC**
600 Elca Lane Suite A
Brownsville, TX 78521

Voice 956 542-4426
Fax: 956 544-2139

# Invoice

Invoice Number:
184

Invoice Date:
Jan 15, 2002

Page:
1

Sold To:
IMR, INC.
434 Lakeside Ave.
Minneapolis, MN 55405

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| IMR | | Net 7 Days | |
| Sales Rep    :: | | Ship Date | Due Date |
| | | | 1/22/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 3,916.00 | IMR3000 | Toro | 0.930 | 3,641.88 |
| 679.00 | IMR4000 | Great States | 0.930 | 631.47 |
| 6,847.00 | IMR5000 | M.T.D. | 0.473 | 3,238.63 |

| | | |
|---|---|---|
| Subtotal | | 7,511.98 |
| Sales Tax | | |
| Total Invoice Amount | | 7,511.98 |
| Payment Received | | |
| **TOTAL** | | **$7,511.98** |

Check No:

MAQUILAPLEX, LLC
600 Elca Lane Suite A
Brownsville, TX 78521

Voice 956 542-4426
Fax: 956 544-2139

# Invoice

Invoice Number:
186

Invoice Date:
Jan 22, 2002

Page:
1

Sold To:
IMR, INC.
434 Lakeside Ave.
Minneapolis, MN 55405

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| IMR | | Net 7 Days | |
| Sales Rep | | Ship Date | Due Date |
| | | | 1/29/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 385.00 | IMR2000 | Lawnboy | 1.330 | 512.05 |
| 2,440.00 | IMR3000 | Toro | 0.930 | 2,269.20 |
| 3,750.00 | IMR5000 | M.T.D. | 0.473 | 1,773.75 |

|  |  |
|---|---|
| Subtotal | 4,555.00 |
| Sales Tax | |
| Total Invoice Amount | 4,555.00 |
| Payment Received | |
| **TOTAL** | $4,555.00 |

Check No:

MAQUILAPLEX, LLC
600 Elca Lane Suite A
Brownsville, TX  78521

Voice 956 542-4426
Fax:  956 544-2139

# Invoice

Invoice Number:
187

Invoice Date:
Jan 30, 2002

Page:
1

Sold To:

IMR, INC.
434 Lakeside Ave.
Minneapolis, MN  55405

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| IMR | *thru 1/30* | Net 7 Days | |
| Sales Rep | | Ship Date | Due Date |
| | | | 2/6/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 1,570.00 | IMR2000 | Lawnboy | 1.330 | 2,088.10 |
| 2,790.00 | IMR3000 | Toro | 0.930 | 2,594.70 |
| 8,250.00 | IMR5000 | M.T.D. | 0.473 | 3,902.25 |

| | |
|---|---|
| Subtotal | 8,585.05 |
| Sales Tax | |
| Total Invoice Amount | 8,585.05 |
| Payment Received | |
| **TOTAL** | **$8,585.05** |

Check No:

**MAQUILAPLEX, LLC**
600 Elca Lane Suite A
Brownsville, TX 78521

Voice 956 542-4426
Fax: 956 544-2139

# Invoice

Invoice Number:
190

Invoice Date:
Feb 6, 2002

Page:
1

Sold To:
IMR, INC.
434 Lakeside Ave.
Minneapolis, MN 55405

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| IMR | thru 2/5/02 | Net 7 Days | |
| Sales Rep | | Ship Date | Due Date |
| | | | 2/13/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 780.00 | IMR2000 | Lawnboy | 1.330 | 1,037.40 |
| 1,450.00 | IMR3000 | Toro | 0.930 | 1,348.50 |
| 3,750.00 | IMR5000 | M.T.D. | 0.473 | 1,773.75 |

| | |
|---|---|
| Subtotal | 4,159.65 |
| Sales Tax | |
| Total Invoice Amount | 4,159.65 |
| Payment Received | |
| **TOTAL** | **$4,159.65** |

Check No:

MAQUILAPLEX, LLC
600 Elca Lane Suite A
Brownsville, TX  78521

Voice 956 542-4426
Fax: 956 544-2139

# Invoice

Invoice Number:
191

Invoice Date:
Feb 11, 2002

Page:
1

Sold To:
IMR, INC.
434 Lakeside Ave.
Minneapolis, MN  55405

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| IMR | THRU 2/8/02 | Net 7 Days | |
| Sales Rep | | Ship Date | Due Date |
| | | | 2/18/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 815.00 | IMR2000 | Lawnboy | 1.330 | 1,083.95 |
| 2,440.00 | IMR3000 | Toro | 0.930 | 2,269.20 |
| 3,250.00 | IMR5000 | M.T.D. | 0.473 | 1,537.25 |

| | | |
|---|---|---|
| Subtotal | | 4,890.40 |
| Sales Tax | | |
| Total Invoice Amount | | 4,890.40 |
| Payment Received | | |
| **TOTAL** | | $4,890.40 |

Check No:

# Invoice

**MAQUILAPLEX, LLC**
600 Elca Lane Suite A
Brownsville, TX 78521

Voice 956 542-4426
Fax: 956 544-2139

Invoice Number:
192

Invoice Date:
Feb 21, 2002

Page:
1

Sold To:
IMR, INC.
434 Lakeside Ave.
Minneapolis, MN 55405

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| IMR | 2/11/02 to 2/20/02 | Net 7 Days | |
| Sales Rep | | Ship Date | Due Date |
| | | | 2/28/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 275.00 | IMR2000 | Lawnboy | 330 | 365.75 |
| 4,680.00 | IMR3000 | Toro | 930 | 4,352.40 |
| 2,137.00 | IMR4000 | Great States | | 1,987.41 |
| 2,500.00 | IMR5000 | M.T.D. | 473 | 1,182.50 |

|  | |
|---|---|
| Subtotal | 7,888.06 |
| Tax | |
| Total Invoice Amount | 7,888.06 |
| Payment Received | |
| TOTAL | $7,888.06 |

Check No:



# MAQUILAPLEX, LLC
600 Elca Lane Suite A
Brownsville, TX 78521

Voice 956-542-4426
Fax: 956-544-2139

# Invoice

Invoice Number:
193

Invoice Date:
Feb 28, 200

Page:
1

Sold To:
IMR, INC.
434 Lakeside Ave.
Minneapolis, MN 55405

| Customer ID | Customer PO | Payment Terms |
| --- | --- | --- |
|  | Thru 2/28 | Net Days |

| Sales Rep | | Ship Date | Due Date |
| --- | --- | --- | --- |
|  |  |  | 3/7/02 |

| Quantity | Item | Description | Unit Price | Extension |
| --- | --- | --- | --- | --- |
| 5,703.00 IMR3000 | | Toro | | 5,303.79 |
| 750.00 MTD5000 | | M.T.D. | | 354.75 |

| | | |
| --- | --- | --- |
| Subtotal | | 5,658.54 |
| Sales Tax | | |
| Total Invoice Amount | | 5,658.54 |
| Payment Received | | |
| TOTAL | | $5,658.54 |

Check No:

# MAQUILAPLEX, LLC
600 Elca Lane Suite A
Brownsville, TX 78521

Voice 956 542-4426
Fax: 956 544-2139

## Invoice

Invoice Number:
194

Invoice Date:
Mar 8, 2002

Page:
1

Sold To:
IMR INC.
234 Lakeside Ave.
Minneapolis, MN 55405

| Customer ID | Customer PO | Payment Terms |
|---|---|---|
| IMR | *thru 3/8/02* | Net Days |

| Sales Rep | | Ship Date | Due Date |
|---|---|---|---|
| | | | 3/15/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 600.00 | 3.000 | Toro | .930 | 558.00 |
| 2,600.00 | 1.000 | Great States | .930 | 2,418.00 |

| | |
|---|---|
| Subtotal | 2,976.00 |
| Sales Tax | |
| Total Invoice Amount | 2,976.00 |
| Payment Received | |
| TOTAL | $2,976.00 |

Check No:



MAQUILAFLEX, LLC
600 Elca Lane Suite A
Brownsville, TX  78521

Voice 956 542-4426
Fax:  956 544-2139

# Invoice

Invoice Number:
197

Invoice Date:
Mar 28, 2002

Page:
1

Sold To:

IMR, INC.
434 Lakeside Ave.
Minneapolis, MN  55405

| Customer ID. | Customer PO | Payment Terms | |
|---|---|---|---|
| IMR | | Net 7 Days | |
| Sales Rep : | | Ship Date | Due Date |
| | | | 4/4/02 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 2,304.00 | IMR3000 | Toro | 0.930 | 2,142.72 |
| 1,600.00 | IMR4000 | Great States | 0.930 | 1,488.00 |

| | |
|---|---|
| Subtotal | 3,630.72 |
| Sales Tax | |
| Total Invoice Amount | 3,630.72 |
| Payment Received | |
| **TOTAL** | $3,630.72 |

Check No:

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

AUG 2 0 2002

DISTRICT COURT OF LA-

## AFFIDAVIT OF JAMES GRIFFIN
## IN SUPPORT OF SWORN ACCOUNT

THE STATE OF TEXAS §
         §   KNOW ALL PERSONS BY THESE PRESENTS:
COUNTY OF CAMERON §

  BEFORE ME, the undersigned authority, on this day personally appeared JAMES GRIFFIN, president of Maquilaplex LLC., who, being by me first duly sworn, deposed and stated:

1. "My name is James Griffin. I am the president of Maquilaplex LLC. As such, I am authorized to make this Affidavit on its behalf. I am over the age of twenty-one (21) years, of sound mind and have personal knowledge of the facts and circumstances set forth in this Affidavit, and they are all true and correct.

2. "I am one of the custodians of the records of Maquilaplex. Attached to Plaintiffs' Original Petition as Exhibits A and B are records which are kept in the regular course of business, and it was the regular course of business of Maquilaplex, for an employee or representative of Maquilaplex, with knowledge of the act, event or condition recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached as Exhibits are exact duplicates of the originals. Unless otherwise noted, all information in this affidavit is derived from the business records of Maquilaplex.

3. "I affirmatively state that the attached Exhibits contain true and correct copies of the invoices comprising the account balance made the basis of this suit; that it is part of the systematic records of account kept by Maquilaplex in relation to this account; that the claim of Maquilaplex, set forth herein is just and true, that it is due, and that all lawful offsets, payments and credits have been allowed against the account and that the outstanding balance due and owing on the subject account totals the sum of Fifty One Thousand Seven Hundred four Dollars and 22/100, ($51,704.22).

Further, Affiant sayeth not.

_____

JAMES GRIFFIN

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the ____15th____ day of

____AUGUST_____, 2002 by JAMES GRIFFIN.

```
┌─────────────────────────┐
│   ★   ROSA GONZALEZ     │
│       NOTARY PUBLIC     │
│       State of Texas    │
│   Comm. Exp. 04-02-2005 │
└─────────────────────────┘
```

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

2



CAUSE NO. 2002-08-3284-A

| MAQUILAPLEX LLC and | * | IN THE DISTRICT COURT |
| TEXION S. DE R.L. DE C.V. | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| INTERNATIONAL  MARKETING | * | |
| RESOURCES, INC. | * | 107th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK
## OF FILING OF NOTICE OF REMOVAL

TO:   HONORABLE AURORA DE LA GARZA
      Cameron County District Clerk
      Cameron County Courthouse
      974 East Harrison
      Brownsville, Texas 78520

You will please take notice that Defendant International Marketing Resources, Inc. has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled:   Maquilaplex LLC and Texion S. de R.L. de C.V. v. International Marketing Resources, Inc., originally filed in the 107th Judicial District Court of Cameron County, Texas, Cause Number 2002-08-3284-A, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 107th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through its attorney, on this the 6th day of November, 2002.

Respectfully submitted,

Date: November 6, 2002                    **RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

By: _____
     Alison D. Kennamer
     Attorney-in-Charge
     State Bar No. 11280400
     Southern District Admissions No. 12023
          Jaime A. Saenz
     State Bar No. 17514859
     Southern District Admissions No. 7630
     1201 East Van Buren
     P.O. Box 2155
     Brownsville, Texas 78522
     (956) 542-7441
     Fax (956) 541-2170

OF COUNSEL:
Steven D. Kelley
Minn. Bar No. 229726
Christopher L. Lynch
Minn. Bar No. 284154
LINDQUEST & VENNUM, PLLP
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2205
(612) 371-3211
Fax (612) 371-3207

                              **ATTORNEYS FOR DEFENDANT,**
                              **INTERNATIONAL MARKETING**
                              **RESOURCES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice

of Removal was served upon all counsel of record, to-wit:

> Samuel S. Griffin III
> W. Michael Taylor
> Griffin & Matthews
> 1155 Dairy Ashford, Suite 300
> Houston, Texas 77079
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant

to the Texas Rules of Civil Procedure, on this the 6th day of November, 2002.

_____
Alison D. Kennamer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAQUILAPLEX LLC and      *
TEXION S. DE R.L. DE C.V.      *
     *
VS.      *    CIVIL ACTION NO. **B-02-212**
     *
INTERNATIONAL   MARKETING      *
RESOURCES, INC.      *

## INDEX OF ATTORNEYS

1.     Samuel S. Griffin, III
         State Bar No. 08473800
         Federal Admissions No. Unknown
         W. Michael Taylor
         State Bar No. 00789675
         Federal Admissions No. Unknown
         Griffin & Matthews
         115 Dairy Ashford, Suite 300
         Houston, Texas 77079
         (281) 870-1124
         Fax (281) 870-1647
         Attorneys for Plaintiffs Maquilaplex LLC and Texion De R.L. de C.V.

2.     Alison D. Kennamer
         State Bar No. 11280400
         Federal Admissions No. 12023
         Jaime A. Saenz
         State Bar No. 17514859
         Federal Admissions No. 7630
         Rodriguez, Colvin & Chaney, L.L.P.
         Post Office Box 2155
         Brownsville, Texas 78522
         (956) 542-7441
         Fax (956) 541-2170
         Attorneys for Defendant International Marketing Resources, Inc.

3.    Steven D. Kelly
      Minn. Bar No. 229726
      Christopher L. Lynch
      Minn. Bar No. 284154
      Lindquist & Vennum PLLP
      4200 IDS Center
      80 South Eighth Street
      Minneapolis, Minnesota 55402-2205
      (612) 371-3211
      Fax (612) 371-3207
      Attorneys for Defendant International Marketing Resources, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAQUILAPLEX LLC and | * | |
| TEXION S. DE R.L. DE C.V. | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. **B-02-212** ( |
| | * | |
| INTERNATIONAL   MARKETING | * | |
| RESOURCES, INC. | * | |

### INDEX OF DOCUMENTS FILED

1.     Civil Cover Sheet

2.     Notice of Removal with following attachments:

      a.     State Court's Docket Sheet
      b.     Plaintiffs' Original Petition

3.     Notice to District Clerk of Filing of Notice of Removal

4.     Index of Attorneys

5.     Index of Documents Filed

6.     Order for Conference and Disclosure of Interested Parties