IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MAQUILAPLEX LLC and | § | |
| TEXION S. DE R.L. DE C.V. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-212 |
| | § | |
| INTERNATIONAL MARKETING | § | |
| RESOURCES, INC. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.   State where and when the meeting of the parties required by rule 26(f) was held and identify the counsel who attended for each party.

   **W. Michael Taylor for the Plaintiffs. Alison D. Kennamer for the Defendant. The meeting took place via telephone on March 4, 2003.**

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

   **Civil Action No. B-03-001;** *Dimples Nova/Link, Inc. vs. International Marketing Resources, Inc.***; In the United States District Court For the Southern District of Texas, Brownsville Division**

3.   Specify the allegation of federal jurisdiction.

   **Federal Jurisdiction is based on diversity of citizenship.**

4.   Name the parties who disagree and the reasons.

   **None.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **Additional parties are not anticipated.**

6. List anticipated interventions.

   **There are no interventions anticipated.**

7. Describe class-action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Initial Disclosures will be exchanged no later than April 1, 2003.**

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   **Plaintiffs anticipate that they will send interrogatories to Defendant no later than May 1, 2003.**

   C. When and to whom the defendant anticipates it may send interrogatories.

   **Defendant anticipates that it will send interrogatories to Plaintiff no later than June 1, 2003.**

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiffs anticipate that they will take the depositions of the following witnesses as well as other witnesses who may identified through discovery:

1. Larry Mahoney
2. Jeff Mahoney
3. Jerry Lanahan
4. Delores Crook
5. Roger Rodriguez
6. Expert witnesses

Plaintiffs anticipate that these depositions will be completed no later than September 30, 2003, for all fact witnesses. Expert witnesses will deposed as designated.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates that it will take the depositions of the following witnesses as well as other witnesses who may identified through discovery:

1. James Griffin
2. Corporate representative for Miller Bag
3. Expert witnesses

Defendant anticipates that these depositions will be completed no later than September 30, 2003, for all fact witnesses. Expert witnesses will deposed as designated.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs and Defendant anticipate that they will be able to designate their expert witnesses who will testify regarding issues on which the party has the burden of proof no later than October 31, 2003. Expert witness used for rebuttal purposes will be designated 30 days later.

3

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Plaintiffs anticipate that they will depose all of the experts designated by Defendant within 30 days after the expert witness is designated.**

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Defendant anticipates that it will depose all of the experts designated by Plaintiffs within 30 days after the expert witness is designated.**

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties are agreed to this discovery plan.**

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

12.    State the date the planned discovery can reasonably be completed.

    **All discovery, including discovery of expert witnesses, can be completed no later than November 1, 2003.**

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties have been engaged in ongoing settlement negotiations for several weeks. Plaintiffs have made a settlement demand and the Defendant is continuing to evaluate the proposed settlement. The parties remain optimistic that a settlement can be reached.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **Plaintiffs have made a settlement demand and the Defendant is continuing to evaluate the proposed settlement.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively sued in this case.

   **Mediation. The parties believe that mediation may be effective is utilized prior to engaging in expensive discovery efforts.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **The parties would agree to proceed before a magistrate.**

17. State whether a jury demand has been made and if it was made on time.

   **Defendant made a timely jury demand.**

18. Specify the number of hours it will take to present the evidence in this case.

   **15- 20 hours**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **None.**

20. List other motions pending.

   **None.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None at this time.**

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiffs Maquilaplex LLC and Texion S. De R.L. De C. V.

*/s/ Michael Taylor*
*with permission Sam Griffin*                      Date: _March 5_, 2003
ATTORNEY-IN-CHARGE:

Samuel S. Griffin, III
Texas Bar No. 08473800
Southern District Admissions No. 9549
GRIFFIN & MATTHEWS
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124 – telephone
(281) 870-1647 – fax

OF COUNSEL:

W. Michael Taylor
Texas Bar No. 00789675
Southern District Admissions No. 18250
GRIFFIN & MATTHEWS
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124 – telephone
(281) 870-1647 – fax

Attorneys for Plaintiff Maquilaplex LLC and Texion S. De R.L. De C.V.

_____    Date: _March 5_____, 2003

**ATTORNEY-IN-CHARGE:**

Ms. Alison D. Kennamer
State Bar No. 11280400
Southern District Admissions No. 12023
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, TX 78522
(956) 542-7441 - telephone
(956) 541-2170 - facsimile